Shayna Fernandez Watts (027342)
FERNANDEZ WATTS LAW PLLC
1801 E. Camelback Rd. Ste. 102 #1057
Phoenix, Arizona 85016
Phone: (602) 760-5100
Fax: (602) 760-5130
Email: Shayna@FernandezWattsLaw.com
*Attorney for Plaintiff Daniel Schmitt*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel Schmitt,<br><br>Plaintiff,<br><br>v.<br><br>Pointe Tapatio Community Association and William McFarlane,<br><br>Defendants. | **No.**<br><br>**COMPLAINT**<br><br>(1) Violations of the FLSA for Failure to Pay Overtime (29 U.S.C. 207(a))<br><br>(2) Worker's Compensation Retaliation Under the Arizona Employment Protection Act (A.R.S. §23-1501(3)(c)(iii))<br><br>(3) Violation of Arizona Fair Wages and Healthy Families Act for Failure to Provide Notice of Earned Sick Time (A.R.S. §23-375(C))<br><br>(4) Violation of Arizona Fair Wages and Healthy Families Act for Failure to Pay Earned Sick Time (A.R.S. §23-364(G))<br><br>(5) Violation of Arizona Fair Wages and Healthy Families Act for Retaliation for Use of Earned Sick Time (A.R.S. §23-364(G))<br><br>(6) Defamation Per Se<br><br>(7) Bad Faith Failure to Pay Wages (A.R.S. §23-355)<br><br>**(Jury Trial Demanded)** |

Plaintiff Daniel Schmitt for his Complaint against Defendants Pointe Tapatio Community Association and William McFarlane alleges as follows:

**PARTIES, JURISDICTION, VENUE**

1. Plaintiff Daniel Schmitt is an individual and a resident of Maricopa County, Arizona.

2. Defendant Pointe Tapatio Community Association is a corporation doing business in Arizona.

3. Defendant William McFarlane (aka Bill McFarlane) was a Board Member of the Point.

4. Plaintiff was continuously employed by the Pointe from approximately 2009 to February 16, 2022, and at all times relevant to this Complaint.

5. This is an employment action arising under the Fair Labor Standards Act, 29 U.S.C. § 201-219, ("FLSA"), the Arizona Employment Protection Act, A.R.S. §23-1501 *et seq.*, ("EPA"), the Fair Wages and Healthy Families Act, §23-362 *et seq.*, and Arizona common law.

6. Defendants caused events or omissions in Arizona that gave rise to Plaintiff's damages and are, for that and other reasons, subject to the personal jurisdiction in this Court.

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.* because this action arises under the laws of the United States.

8. This Court has supplemental jurisdiction over Plaintiff's claims arising under Arizona law pursuant to 28 U.S.C. § 1367 because such claims are so related to Plaintiff's claims within this Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

9. At all times relevant hereto, the Pointe is and has been an employer as defined under the FLSA (29 U.S.C. §203(d)) and is accordingly subject to the provisions of said act, and Plaintiff has been an employee under the FLSA (29 U.S.C. §203(e)).

10. At all times relevant hereto, the Pointe is and has been an employer and Plaintiff has been an employee under the Arizona Fair Wages and Healthy Families Act (A.R.S. §23-362(A)-(B)).

11. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because acts giving rise to the claims herein occurred within the District of Arizona.

## GENERAL ALLEGATIONS

12. Plaintiff began working for the Pointe as a maintenance technician in 2009.

13. In 2013, Plaintiff was promoted to Head of Maintenance, and the Pointe paid him $24.00 per hour for manual labor.

14. While working for the Pointe, Plaintiff regularly worked more than 40 hours per week, as directed by the Pointe management, but was never paid overtime.

15. Throughout his employment, Plaintiff was an exemplary employee who exceeded expectations in helping residents at the Pointe at all hours of the day and night as needed.

16. During his tenure, Plaintiff never once received a write-up or reprimand.

17. As Head of Maintenance, Plaintiff was continuously "on-call."

18. He reported to jobs directly from home and worked at all times of the day or night as directed.

19. Plaintiff was injured while on the job and filed a worker's compensation claim for injuries he sustained.

20. The parties reached a settlement on Plaintiff's worker's compensation claim on or about February 10, 2022.

21. Two days later, on February 12, 2022, Plaintiff's supervisor, Jackie Zipprich, presented Plaintiff with a list of what she referred to as "new rules."

22. While difficult to discern whether the list given to Plaintiff purported to be a set of rules or allegations, the document presented by Ms. Zipprich stated the following:

> Tardiness
> Not clocking in or out from office phone
> Set 40 hours No OT will be paid unless approved
> M-F for one Tuesday thru Sat for other
> Leaving property without advising anyone even for lunch
> - Clock in and out for lunch
> Taking equipment or supplies off property or without checking out
> Working efficiently and productively… ordering all supplied needed for job.  Requires planning [sic]
> Workorders must be completed and turned in.
> Home Depot Card
> All receipts for supplies must be provided to management monthly with an indication of the job/unit the supplies are needed for and must balance with stmt.
> Water & Ice… No more purchases allowed.
> Owner makes contact with staff don't assume they will contact office.
> Please advise us of complaints heard in the field.

23. Prior to being given this list, Plaintiff had been instructed to clock in from his mobile phone, not an office phone, and Plaintiff had never been tardy as suggested in the above list.

24. It was further illogical and reprehensible for the Pointe to require Plaintiff to purchase building supplies, but to deny him the ability to purchase water and ice for his maintenance crew who perform manual labor outdoors in Arizona temperatures which regularly exceed 100 degrees Fahrenheit was cruel and unjustifiable.

25. Plaintiff objected to this rule for the safety of himself and others.

26. Two days after Ms. Zipprich delivered the list to Plaintiff, Plaintiff became ill and called out sick from work on February 14 and February 15, 2022.

27. On February 16, 2022, upon his return to work, Ms. Zipprich informed Plaintiff that he was being terminated, and stated "[w]ell they finally did it, they fired you."

28. Plaintiff asked Ms. Zipprich why he was being terminated and she told him he was being terminated for failure to sign the list of rules given to him on February 12, 2022.

29. After the termination, on March 5, 2022, during the Pointe's homeowners' association meeting, McFarlane publicly and falsely announced that Plaintiff had stolen money from Defendant.

30. When questioned about his statements, failing to substantiate these baseless accusations, McFarlane engaged in further public assassination of Plaintiff's character by fraudulently declaring Plaintiff had used the Pointe's Home Depot credit card to make unauthorized purchases for water.

31. Mr. McFarlane deliberately propagated these accusations knowing they were entirely fallacious.

32. Defendant's rules prohibiting the purchase of water – even in triple digit temperatures for outdoor laborers – were not in effect and had not been communicated to Plaintiff before February 12, 2022.

33. Mr. McFarlane knew that Plaintiff had not made any water purchases after February 12, 2022, and that Plaintiff did not steal money from Defendant.

34. Notably, the excuse given for Plaintiff's termination at the HOA meeting differed from that which Plaintiff was told by Ms. Zipprich who told him he was being terminated for not signing the rules.

35. Both reasons were pretext for illegal motives.

36. Plaintiff was terminated in retaliation for filing a worker's compensation claim and using what should have been protected sick time.

## COUNT I

**VIOLATION OF FLSA FOR FAILURE TO PAY OVERTIME (29 U.S.C. 207(a))**

37. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

38. Plaintiff is an employee for purposes of the FLSA and the Pointe is an employer, pursuant to 29 U.S.C. §203(d)-(e).

39. The Pointe failed to pay Plaintiff overtime for the weeks Plaintiff worked more than 40 hours in a week.

40. To date, the Pointe has failed to pay Plaintiff for any of the overtime work he completed.

41. During his employment, Plaintiff was not exempt from the overtime provision of the FLSA.

42. Plaintiff was directed by the Pointe to work, and did work, more than 40 hours per week on a regular basis since the start of his employment in 2009.

43. The Pointe violated the FLSA by neglecting their obligation to pay Plaintiff at one and half times his regular rate of pay when he consistently worked over 40 hours per week in a workweek.

44. The Point knew– or acted with reckless disregard as to whether – its refusal or failure to properly compensate Plaintiff over the course of his employment would violate federal and state law, and the Pointe was aware of the FLSA overtime wage requirements during Plaintiff's employment. As such, the Pointe's conduct constitutes a willful violation of the FLSA.

45. The Pointe also acted willfully and/or with reckless disregard in regularly failing to accurately record the time that it directed Plaintiff to work.

46. The Pointe's willful and/or reckless conduct constitutes a willful violation of the FLSA and entitles Plaintiff to a lookback of three (3) years for purposes of compensatory damages.

47. Plaintiff is entitled to an award of compensatory damages for unpaid overtime and liquidated damages in an equal amount to be proven at trial, as well as attorney's fees and costs.

## COUNT II

## WORKER'S COMPENSATION RETALIATION UNDER THE ARIZONA EMPLOYMENT PROTECTION ACT (A.R.S. §23-1501(3)(c)(iii))

48. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

49. Plaintiff engaged in a protected activity when he was injured on the job and filed a worker's compensation claim.

50. Plaintiff suffered an adverse employment action when the Pointe terminated him.

51. There is a causal link between the protected activity and the adverse employment action.

52. The Pointe did not have legitimate, non-retaliatory reasons for its actions – its actions were a violation of Arizona law.

53. Any reasons that the Pointe may proffer are merely pretext for the underlying retaliatory motive.

## COUNT III

## VIOLATION OF FAIR WAGES AND HEALTHY FAMILIES ACT
## FAILURE TO PROVIDE NOTICE OF EARNED SICK TIME - A.R.S. §23-375(C)

54. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

55. The Pointe willfully failed to provide any accounting of Plaintiff's earned paid sick time.

56. The Pointe further willfully failed to provide notice to Plaintiff of his earned paid sick time available for use by Plaintiff in violation of A.R.S. §23-375(C).

57. Plaintiff was therefore not properly informed if and how much earned paid sick time he had accrued.

58. Accordingly, the Pointe is liable for civil penalty under A.R.S. §23-364(F) in the amount of at least $1000 for the subsequent or willful violation of A.R.S. §23-375(C).

## COUNT IV

**VIOLATION OF FAIR WAGES AND HEALTHY FAMILIES ACT - FAILURE BY DEFENDANT TO PAY FOR EARNED PAID SICK TIME (A.R.S. §23-364(G))**

59. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

60. The Pointe willfully failed to pay earned sick time to Plaintiff over the course of his employment.

61. Plaintiff suffered damages as a result of the Pointe's willful conduct.

62. Under A.R.S. §23-364(G), the Pointe owes Plaintiff the balance of sick time earned, including interest thereon, plus an additional amount equal to twice the earned paid sick time.

63. Plaintiff is further entitled to his attorney's fees and costs pursuant to A.R.S. §23-364(G).

## COUNT V

**VIOLATION OF FAIR WAGES AND HEALTHY FAMILIES ACT - RETALIATION FOR ATTEMPTED USE OF PAID SICK TIME (A.R.S. §23-364(G))**

64. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

65. The Pointe purposefully and willfully terminated Plaintiff's employment following his use of what should have been earned sick time.

66. Plaintiff suffered an adverse employment action when the Pointe terminated him.

67. There is a causal link between Plaintiff's attempted use of earned sick time and the adverse employment action.

68. The Pointe did not have legitimate, non-retaliatory reasons for its actions – its actions were a violation of Arizona law.

69. Any reasons that the Pointe may proffer are merely pretext for the underlying retaliatory motive.

70. Under A.R.S. §23-364(G), Plaintiff is entitled to collect from the Pointe an amount sufficient to compensate him and to deter future violations by the Pointe in an amount not less than $150 each day the violation continued or until judgment is final.

71. Plaintiff is further entitled to his attorney's fees and costs pursuant to A.R.S. §23-364(G).

## COUNT VI

## DEFAMATION PER SE

72. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

73. Defendant McFarlane acted knowingly and intentionally when McFarlane communicated a false statement regarding Plaintiff, a private figure, at the HOA Board meeting on March 5, 2022 to a public audience that painted him as a criminal and unethical person.

74. McFarlane published the statement to all Board meeting attendees and audience, knowing it was both false and defamatory towards Plaintiff's professional reputation.

75. McFarlane acted in reckless disregard towards the truth of the statement and its defamatory nature, and/or acted negligently in failing to ascertain the veracity of the statement before publicly and resolutely presenting it as fact.

76. As a result of McFarlane's actions, Plaintiff was harmed and suffered damages in an amount to be proven at trial.

## COUNT VII

## BAD FAITH FAILURE TO PAY WAGES UNDER §A.R.S. 23-355

77. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

78. The Pointe has failed to pay wages due and owing to Plaintiff for overtime and sick time.

79. The Pointe's failure to pay the monies owed was intentional and done in bad faith.

80. Under A.R.S. §23-355(A), Plaintiff is entitled to an amount equal to treble the unpaid wages.

81. Plaintiff is also entitled to recover his attorneys' fees pursuant to A.R.S. §12-341.01.

## DEMAND FOR JURY TRIAL

Plaintiff requests a trial by jury on all issues so triable.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff prays judgment and relief against Defendants as follows:

A. Judgment in Plaintiff's favor and against Defendant the Pointe on each of the above counts.

B. Judgment in Plaintiff's favor and against Defendant McFarlane on Count VI.

C. For the Court to award damages in the amounts of all unpaid compensation due and owing to Plaintiff.

D. For the Court to award compensatory damages unpaid overtime, including liquidated and punitive damages pursuant to 29 U.S.C. § 216(b), in amounts to be determined at trial.

E. For all statutory damages authorized under A.R.S. §23-364(G), including an amount sufficient to compensate Plaintiff and to deter future violations by the Pointe, in an amount not less than $150 for each day that the violation continued or until legal judgment is final.

F. For treble damages pursuant to A.R.S. §23-355(A).

G. For reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), A.R.S §23-364(G), A.R.S. §12-341.01 and all other causes of action set forth in this Complaint.

H. For civil penalty authorized under A.R.S. §23-364(F) in the amount of at least $1,000 for the subsequent or willful violation of A.R.S. §23-375(C) to be awarded to the Industrial Commission.

I. For the Court to award pre-judgment and post-judgment interest on any damages awarded.

J. Such other relief as this Court deems just and proper.

RESPECTFULLY SUBMITTED this 22nd day of September 2022.

FERNANDEZ WATTS LAW PLLC

/s/  *Shayna Fernandez Watts*
1801 E. Camelback Rd. Ste. 102 #1057
Phoenix, Arizona 85016
*Attorney for Plaintiff Daniel Schmitt*

ORIGINAL e-filed with the Clerk of the Court
this 22nd day of September 2022.

/s/Tiffany Fernandez